FILED
APR 28 2010

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 10-40012 |
| Plaintiff, | \* | MEMORANDUM OPINION AND ORDER RE: PROPOSED JURY INSTRUCTION ON S.D.C.L. § 22-24A-19 |
| -vs- | \* | |
| LEO THOMAS FLYNN, | \* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant Leo Thomas Flynn filed a motion requesting this Court to address the issue of a proposed jury instruction based on S.D.C.L. § 22-24A-19. Under FEDERAL RULE OF CRIMINAL PROCEDURE 12(B)(2) a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."

Defendant has been indicted on one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2), and two counts of distribution in violation of 18 U.S.C. § 2252(a)(2) and 2252(b)(1). Defendant has asserted that he is a "criminal defense attorney who specializes in representing persons accused of pedophilia and other sex crimes against children." Defendant further contends that in the course of his law practice, he has had clients who sought his advice about whether particular websites contained material which constituted child pornography. Defendant claims that in order to properly advise his clients he would access the website in issue on his office computer and "analyze the website's contents and render an opinion about whether the particular website contained pornography." (Doc. 18, Defendant's Motion to Dismiss). Defendant contends that he was allowed under state law to access and view child pornography in his capacity as a criminal defense attorney representing persons who are charged or who may be charged under the child pornography statutes. Specifically, Defendant relies upon S.D.C.L. § 22-24A-19, which provides:

> The provisions of [various child pornography and child sexual exploitation laws] do not apply to <u>the performance of official duties by any</u> law enforcement officer, court employee, <u>attorney</u>, licensed physician, psychologist, social worker, or any person acting at the direction of a licensed physician, psychologist, or social worker in the course of a bona fide treatment or professional education program.

(Emphasis added.)

Defendant desires to submit the following or a similar proposed instruction:

> IF YOU FIND THAT THE DEFENDANT WAS PERFORMING OFFICIAL DUTIES AS AN ATTORNEY SUCH AS WORKING ON A SPECIFIC CASE OR CONDUCTING AN INVESTIGATION FOR A PARTICULAR CLIENT WHEN HE POSSESSED AND DISTRIBUTED CHILD PORNOGRAPHY, YOU MUST FIND HIM NOT GUILTY ON ALL CHARGES.

In resisting the Defendant's request for the above instruction the United States argues "the law does not permit a defendant to present a defense unless the law recognizes that defense." (Doc. 32 at p.2) (citing *United States v. Matthews*, 209 F.3d 338, 344 (4th Cir. 2000)). The Fourth Circuit in the *Matthews* case held that the First Amendment did not permit a reporter to trade in child pornography so as to create a work of journalism, and that the defendant, a broadcast journalist, was not allowed to assert such a defense. Defendant in this case is not asserting such a First Amendment defense.

The legal issues presented in this case are whether S.D.C.L. § 22-24A-19 is preempted by 18 U.S.C. § 3509(m) and whether Defendant may be entitled to an instruction based on S.D.C.L. § 22-24A-19 in a federal child pornography prosecution. 18 U.S.C. § 3509(m) provides:

> (1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.
>
> (2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
>
> (B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or

material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

The issue of whether 18 U.S.C. § 3509(m) preempts a state statute which allows possession of child pornography and research of the origin of child pornography by defense counsel and defense experts involved in the defense of state prosecutions of child pornography is currently pending in a declaratory judgment action in the Northern District of Ohio. *See Dean Boland v. Eric Holder*, No. 1:09 CV 1614 (N.D. Ohio filed July 14, 2009).[1] According to the pleadings in this declaratory judgment action, no federal court has yet decided this preemption issue.

Preemption

The preemption doctrine has its roots in the Supremacy Clause. *See* U.S.Const., Art. VI, cl. 2. This doctrine requires a court to examine congressional intent. Preemption, which may be either express or implied, "is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose." *Jones v. Rath Packing Co.*, 430 U.S. 519, 525 (1977). There is no express preemption clause in the statutory scheme surrounding 18 U.S.C. § 3509(m).

Implied preemption is either field preemption or conflict preemption. In field preemption the Act of Congress touches a "field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject."*Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947). Field preemption is not applicable to the case at hand. In fact, the United States Supreme Court has acknowledged that the States are entitled to substantial leeway in their regulation of child pornography. *See New York v. Ferber*, 458 U.S. 747, 756 (1982).

Conflict preemption occurs when "compliance with both federal and state regulations is a physical impossibility," or when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," *Fidelity Fed. Sav. and Loan Ass'n v.*

---

[1] The Defendant has filed a motion to dismiss, claiming in part that pursuant to the Supremacy Clause, federal law controls over conflicting state law with regard to the possession of child pornography by defense counsel and experts in state pornography cases. The Plaintiff has responded and the Defendant has filed his reply. The Plaintiff submitted Supplemental authority on January 19, 2010, and the motion to dismiss has not been decided as of the date of this memorandum opinion.

*de la Cuesta*, 458 U.S. 141, 153 (1982)( quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941), and *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142-143 (1963)); *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*, 559 F.3d 772, 780 (8th Cir. 2009). The issue in this case is whether conflict preemption occurs with 18 U.S.C. § 3509(m) preempting S.D.C.L. § 22-24A.

In examining the legislative history of 18 U.S.C. § 3509(m), one court has observed, "Indeed, it appears that § 3509(m) was added to the [Adam] Walsh Act without consideration in committee and with virtually no explanation in the legislative history." *United States v. O'Rourke*, 470 F.Supp.2d 1049, 1056 (D.Ariz. 2007) (citing 152 Cong. Rec. H676 (daily ed. March 8, 2006) (statement of Rep. Conyers); 152 Cong. Rec. H5705-31 (daily ed. July 25, 2006)). There is no legislative history to either support or oppose a determination as to whether or not there is a federal preemption of state exemptions for attorneys and others performing their duties involving state child pornography prosecutions and potential prosecutions. Despite the lack of any helpful legislative history, it seems most unlikely that Congress intended to hamper state child pornography proceedings by making state prosecutors, defenders, state investigators and grand jurors potentially subject to federal child pornography prosecutions. In addition, the language of 18 U.S.C. § 3509(m) does not support a determination that it preempts state law provisions which are not consistent with its requirements.

Although this Court is not bound by state court determinations on the issue of federal preemption, this Court finds related state case law instructive on this issue. In *Tennessee v. Allen*, the Court of Criminal Appeals of Tennessee analyzed 18 U.S.C. § 3509(m) as follows with regard to its impact on state prosecutions for child pornography violations:

> It can readily be seen that Section 3509(m) does not explicitly refer to state prosecutions. The law references Fed.R.Crim.P. 16 in superceding that rule's discovery procedures. The statute also refers to the prosecution as the "Government," a term typically used in federal statutes to denote the government of the United States not the government of a state. Finally, the statute is part of Part II of Title 18 of the United States Code which is dedicated to "Criminal Procedure." In the case of *State ex rel. Tuller v. Crawford*, 211 S.W.3d 676 (Mo.Ct.App.2000), the Missouri Court of Appeals relied on these factors in concluding that Section 3509(m) is a procedural provision applicable only to federal courts. *Id.* at 679. We agree with the reasoning of *Crawford* and hold that Section 3509(m) does not apply to proceedings in Tennessee state courts. Further, the statues does not criminalize any conduct that was not already illegal under Sections 2251, 2252 and 2252(A) of Title 18 of the United

States Code long before the passage of Section 3509.

2009 WL 348555, slip op. at *6 (Tenn. Crim. App. Feb.12, 2009)(permission to appeal denied by Tennessee Supreme Court on August 17, 2009).[2] This Court's analysis of 18 U.S.C. § 3509(m) also leads to the conclusion that this provision does not dictate the handling of child pornography materials by defense counsel and experts under South Dakota's statutory scheme in South Dakota state prosecutions.

In preemption cases, state law is displaced "only 'to the extent that it actually conflicts with federal law.'" *Dalton v. Little Rock Family Planning Services*, 516 U.S. 474, 476 (1996)(quoting *Pacific Gas & Elec. Co. v. State Energy Resources Conservation and Dev. Comm'n*, 461 U.S. 190, 204(1983). As was observed in the denial of Defendant's motion to dismiss, 18 U.S.C. § 3509(m) has consistently survived constitutional challenges. Doc. 29, p. 8. In rendering legal services in all federal child pornography prosecutions in the District of South Dakota, the provisions of S.D.C.L. § 22-24A-19 are preempted by 18 U.S.C. § 3509(m), because in federal prosecutions the two provisions conflict. However, in South Dakota state prosecutions for child pornography or in the official duties of rendering legal services regarding a potential prosecution under South Dakota state child pornography provisions, S.D.C.L. § 22-24A-19 is not preempted by 18 U.S.C. § 3509(m).

The United States contends that even if Defendant relied on § S.D.C.L. 22-24A-19 in committing the acts associated with the Indictment in this case, Defendant is not entitled to an instruction based on S.D.C.L. § 22-24A-19 because state or local officials may not bind the federal government to an erroneous interpretation of federal law or sanction a violation of federal law. (Doc. 32 at p.4) (citing *United States v. Achter*, 52 F.3d. 753, 754 (8th Cir. 1995)). Although an attorney acting in his official duties is not set forth as an affirmative defense in 18 U.S.C. § 2252A( c) or (d), the Court is aware of no authority that the list of affirmative defenses set forth in this statute is

---

[2] The Court of Criminal Appeals in *Tennessee v. Allen* further reasoned that even if 18 U.S.C. § 3509 were applicable to state proceedings, the statute has been interpreted to allow the disclosure of pornography materials where a defendant has demonstrated that an analysis of the material at a government facility would be cost prohibitive or a defense expert's work compromised by the Section 3509 requirement, so that production of the material subject a protective order would be allowable. *Id.* at *7 (citing *United States v. Knellinger*, 471 F.Supp.2d 640, 647-48 (E.D.Va.2007)).

exclusive. In another context Congress has recognized that an attorney who is performing bona fide legal representation services is fully protected by the law, and the performance of those duties constitutes an affirmative defense. *See United States v. Mintmire*, 507 F.3d 1273, 1293-1294 (11th Cir. 2007)(construing 18 U.S.C. § 1515( c) in obstruction of justice prosecution). Congress by implication acknowledged that attorneys defending child pornography cases would be required to have lawful access to the alleged child pornography when it enacted 18 U.S.C. § 3509(m) and set forth the procedure by which those attorneys must operate in federal prosecutions.

The Supreme Court has recognized that "[s]tates traditionally have exercised extensive control over the professional conduct of its attorneys." *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 434 (1982). Although South Dakota has provided fewer restrictions to its attorneys who defend against state child pornography charges than the federal government has imposed through 18 U.S.C. § 3509(m) for attorneys defending federal child pornography charges, this Court cannot conclude that § S.D.C.L. 22-24A-19 operates so as to sanction a violation of the federal child pornography laws. Rather, it would appear unjust to disallow a defense in a federal prosecution to attorneys who in state criminal matters have represented their clients within the limits set forth by the South Dakota Legislature and in compliance with the discovery and procedural rules set forth by the South Dakota state judiciary. This Court thus concludes that an attorney acting in accordance with § S.D.C.L. 22-24A-19 is not precluded from asserting the operation of this statute as an affirmative defense in a federal child pornography prosecution brought against him if the evidence at trial supports such a defense.

Entitlement to Proposed Jury Instruction

Whether Defendant was acting in conformity with the requirements of S.D.C.L. § 22-24A-19 and whether the conduct which is the subject of this federal prosecution was legal are questions for a jury to decide based upon the evidence that will be presented at trial. "[A] defendant is entitled to an instruction on his theory of the case if there is evidence to support it and a proper request has been entered." *United States v. Long Crow*, 37 F.3d 1319, 1323 (8th Cir.1994).The burden placed on a defendant to demonstrate that there is sufficient evidence to warrant an instruction has been characterized as follows:

> The defendant does not have to testify or even offer any evidence; the basis for the

defendant's theory may derive from the testimony of government witnesses on direct or cross-examination. Finally, the evidence to support a theory of defense need not be overwhelming; a defendant is entitled to an instruction on a theory of defense even though the evidentiary basis for that theory is weak, inconsistent, or of doubtful credibility.

*Closs v. Leapley*, 18 F.3d 574, 580 (8th Cir.1994) (quotations and citations omitted).

The parties have not stipulated and are probably either unable or unwilling to stipulate to the relevant facts which will be determinative of whether Defendant will be entitled to an instruction incorporating the provisions of S.D.C.L. § 22-24A-19. This is not a matter that the Court can determine without a trial in this action and the determination of whether Defendant is entitled to such an instruction must be made based on the evidence which is presented at trial.

IT IS SO ORDERED.
Dated this 28th day of April, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)      DEPUTY