
FILED
SEP 0 2 2010

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 10-40012 |
|  | \* |  |
| Plaintiff, | \* |  |
|  | \* | MEMORANDUM OPINION |
| vs. | \* | AND ORDER |
|  | \* |  |
| LEO THOMAS FLYNN, | \* |  |
|  | \* |  |
| Defendant. | \* |  |
|  | \* |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant in his Demand (Doc. 45) of August 5, 2010, requested a rehearing of the Motion to Dismiss for Constitutional Violations as well as Lack of Probable Cause and also a Rehearing of the Motion to Suppress Due to Material Omissions in Search Warrant Application. The Second Superseding Indictment filed August 3, 2010, is not materially different than the previous Indictments and does not give rise to a need for rehearings. There is no basis shown for a rehearing and reconsideration of those pre-trial motions so those requests are denied.

Defendant also in his demand requested an incorporation by reference "that this Court incorporate by reference and/or reconsider . . . . (2) Motion Requesting Court To Address Issue Of Proposed Jury Instruction Regarding SDCL 22-24A-19 Creating An Affirmative Defense." The Plaintiff United States of America did not resist that request and submitted additional argument and authority on that issue. The United States also stated that it believes that the evidence will establish that the activity "was not part of any bona fide legal services provided by Defendant." The United States went on to suggest that it might be possible "to develop sufficient facts at a pre-trial evidentiary hearing to permit the Court to rule on the proposed jury instruction in advance of trial."

The Court is interested in pre-trial disposition of issues that can be properly disposed of so that the focus of the trial is clear. However, the Court is not aware of any authority for the suggested pre-trial evidentiary hearing. The only way that the Court believes that such a pre-trial determination

could be made would be if the parties for the purpose only of that determination stipulated to the relevant facts. If sufficient facts are stipulated to so the Court could make a determination whether there was sufficient evidence to submit an instruction, then the Court could rule. However, if there were insufficient facts, then the Court would still not be able to make a pre-trial ruling. The Court has reviewed the transcript of the March 8, 2010, motion hearing and the facts represented by counsel for the Defendant in that hearing are clearly insufficient for the Court to make any determination as to whether or not the instruction in question or something like it should be given.

On page 4 of the United States' Response, the issue was restated as "can state law create an exception to a federal criminal law that the federal law does not recognize?" The answer to that question is, of course, no. That is not, however, what the Court views the issue to be. So that both parties are aware of the Court's position, the Court will further elaborate its view on this instruction issue. In addressing the claim that 18 U.S.C. § 2252 was overbroad, the Eighth Circuit in quoting *New York v. Ferber*, 458 U.S. 747, 756-64, 102 S.Ct. 3348, 3354-58 (1982) stated that any overbreadth "should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied." *United States v. Bausch*, 140 F.3d 739, 742 (8th Cir. 1998). In *Bausch* the Defendant was an artist that took some child pornography pictures of 15 and 16 year old girls with the pictures to be used later by the defendant to create artwork. The Court found that there was no plain error for the trial court to not have considered a First Amendment claim of artistic use and value as that claim was not made before the trial court.

The South Dakota statute, SDCL 22-24A-19, happens to identify where there is overbreadth in the present case in the application of 18 U.S.C. § 2252 to what is claimed to be some of the facts in this case. SDCL 22-24A-19 is similar to the statutes in over 20 other states. Even if the state in which the federal prosecution was taking place had no such statute, this same overbreadth issue could be presented. It is not a state statute which presents the possible overbreadth defense to a federal charge. Instead, it is the overbreadth factual situation presented in a case. Accordingly, the potential defense can only result from a case-by-case factual analysis. In *United States v. Upham*, 168 F.3d 532 (1st Cir. 1999) the defendant was allowed to testify that he viewed child pornography

as he was writing a book on child abuse. The jury answered "no" to a special interrogatory ansking "Was the defendant's sole purpose in committing the offense or offenses to produce a serious literary work?"

The overbreadth issue is that a lawyer defending a criminal child pornography case in state court could be subject to federal prosecution. The state prosecutor as well as the state court judge would on the other hand have their prosecutorial and judicial immunities for their viewing child pornography as was necessary for their respective duties.

The same is not true in federal court if the defense counsel follows the procedures set forth in 18 U.S.C. § 3509(m). If, however, for some reason federal defense counsel had reason in preparing the defense to observe any child pornography other than that possessed by the United States, then any such viewing is done at the peril of federal charges for defense counsel. The same peril would exist for an expert witness for the defense that viewed any child pornography other than as provided in 18 U.S.C. § 3509(m).

The above are limited examples of where a case-by-case analysis as recommended by *Ferber* and *Bausch* should be undertaken when an overbroad situation is presented which can be addressed with such analysis. The Court is not going to speculate further on what the facts of the present case might be or what the ruling on the giving of an instruction would be on any particular fact situation.

Accordingly, this theory of defense instruction will be given only if warranted by the evidence. The instruction would be that it is a defense to a child pornography charge if the purpose of Leo Flynn in viewing child pornography was to render legal advice to a client. If such facts exist, they create a defense to the charge of possession of child pornography.

The Court does not know if in fact Mr. Flynn knowingly traded or otherwise distributed child pornography as opposed to simply having a LimeWire account and receiving child pornography. Concerning the issue of distribution, see *United States v. Durham*, No. 09-2951, 2010 WL 3341251

3

at *3 (8th Cir. Aug. 26, 2010). It should, however, be noted that *Durham* deals with distribution under the federal sentencing guidelines. It may be that distribution for criminal guilt under Counts 1 and 2 is somewhat different. This defense arising from a factual analysis under the overbreadth doctrine would normally not apply to a situation where a lawyer in the course of representing a client was knowingly distributing child pornography. An exception could be where images were transmitted to an expert witness. The lawyer official duty defense instruction, even if the instruction was warranted by the evidence with regard to a possession of child pornography charge, would normally not be given as to the distribution counts, absent some unusual factual situation.

The United States in its response requested that if the Court did reconsider what the Court will call the lawyer official duty defense, the United States requested the ability to supplementally brief the matter. That request is granted and each party may submit a supplemental brief by September 13, 2010, on that issue. Accordingly,

IT IS ORDERED:

1.   That on or before September 13, 2010, each party may submit a supplemental brief on the issue of a lawyer's official duty defense instruction under the facts of this case.

2.   That Defendant's Demand for a Rehearing of the Motion to Dismiss for Constitutional Violations as well as Lack of Probable Cause and also a Rehearing of the Motion to Suppress Due to Material Omissions in Search Warrant Application is denied.

3.   That September 20, 2010, remains as the deadline for submission to the Court of any proposed plea agreement.

4.   That all motions in limine shall be in writing and filed, together with proposed instructions, with the Court ten (10) working days before trial.

5.   That the jury trial herein for Defendant shall commence in Sioux Falls, South Dakota, on Tuesday, October 19, 2010, with counsel to be present for motions in limine at 9:00 A.M., and with the jury to report at 9:30 A.M.

6.   That the period of delay resulting from the continuance is excluded in computing the time within which the trial of the offense for the Defendant

must commence, as the Court finds that the ends of justice served by taking such action outweigh the best interests of the public and the Defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

Dated this ___2nd day of September, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY_____
DEPUTY