UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR-10-40012 |
| Plaintiff, | * | DEFENDANT'S MOTIONS IN LIMINE |
| vs. | * | |
| LEO THOMAS FLYNN, | * | |
| Defendant. | * | |

The Defendant, Leo Thomas Flynn, respectfully requests moves this Court in Limine as follows:

1.  For an Order sequestrating all government witnesses until the testimony of each is completed and each is excused by the court, and Ordering that these witnesses not monitor or receive reports during the trial about the testimony of witnesses preceding them. This includes the case agent until she has testified;

2.  For an Order denying Government Proposed Jury Instruction No. 8 as confusing, misleading, and contrary to law;

3.  For an Order prohibiting the jurors from listening, during their deliberations, to any recordings of statements made by the Defendant to law enforcement personnel which may be received into evidence by this Court;

4.  Preventing the state from introducing any testimony from any police officers or investigators as to what other witnesses related to them.

    > Any testimony as to what witnesses told police officers or others in this matter is hearsay and not allowed pursuant to Fed.R.Evid. 802;

5.  For an Order prohibiting testimony from law enforcement official - state

1

or federal - regarding their opinion of the credibility and/or reliability of any statements or statements in the nature of any statement made by the Defendant;

6. For an Order prohibiting testimony from any lay witness regarding their opinion of the credibility and/or reliability of any statements made to them by the Defendant;

7. For an Order directing counsel for the Government to admonish all of the State's witnesses to refrain from offering testimony or volunteering information about issues or purported evidence found to be inadmissible and ordered excluded by this Court;

8. For an Order directing that the prosecutor and/or the prosecutor's agents refrain from discussing previous witnesses' testimony with witnesses who have yet to testify;

9. For an Order directing that all instructions on the law to be given to the jury by this Court be in writing and that copies of the same be provided to the jurors when they retire for their deliberations;

10. For an order allowing the Defendant to introduce extrinsic evidence of Bias on the part of Detective Sean M. Kooistra of the Sioux Falls Police Dep't;

United States v. Abel, 469 U.S. 45 (9184); Fed. R. Evid. 401

11. For an Order allowing the Defendant to comment on - in the presence of the jury - the Government's failure to follow certain investigative procedures, including but not limited to failure to interview and/or examine certain witnesses, and/or the failure to examine the background and/or caseload of the Defendant. Granting this in favor of

the Government would be tantamount to refusing the Defendant to put on a proper defense as provided for by the United States Constitution;

12. For an Order allowing defense counsel to utilize an overhead projector to publish to the jury any exhibits – or portions thereof (actual documents/exhibits have already been provided to the government).

13. For an Order prohibiting the introduction of the forensic examinations of the Defendant's computer by the Department of Justice (Matthew L. Goward) conducted on August 23, 2010 and September 16, 2010. The reports in their entirety are vague, confusing, misleading, unduly prejudicial and have a tendency to paint the Defendant in a negative light without specifically listing what information contained on Defendant's computer is illegal (chargeable and indictable) as opposed to what information might be suspected child pornography and/or of investigative value.

Fed.R.Evid. 401, 402, 403, 404(4);

14. For an Order requiring the Government to specifically list each and every image and/or video found on the Defendant's computer that is alleged to be illegal and/or the subject of any of the government's four indictments.

15. For an Order extending the voir dire process in this case so attitudes and views concerning religion, nudity, art, pornography, sexual abuse, privilege, mandatory reporting, and the roles between state and federal government can properly be examined.

Dated this 7th day of October, 2010.

                      Respectfully Submitted,
                      THE GIANCOLA LAW OFFICE, PLLC

                      _____
                      Rory Patrick Durkin
                      Attorney No. 299765
                      Attorney for Petitioner
                      403 Jackson Street, Suite 305
                      Anoka, MN 55303
                      Tel: (763) 421-1441


<u>/s/Michael J. Butler, Esq.</u>
Michael J. Butler, Esq.
100 S Spring Ave #210
Sioux Falls, SD 57104
(605) 331-4774

## Certificate of Service

This is to certify that a true and correct copy of the foregoing Defendant's Motions In Limine was served upon counsel for the Government via electronic filing at his last know address as follows:

richard.newberry@usdoj.gov
Alexandra.gelber@usdoj.gov


Dated this 7th day of October, 2010

/s/ Michael J. Butler, Esq.
Michael J. Butler, Esq.

5