UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
OCT 26 2010

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 10-40012 |
| Plaintiff, | * | |
| vs. | * | ORDER |
| LEO THOMAS FLYNN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Various filings have been made by the parties since the Court issued its Memorandum Opinion and Order on September 2, 2010. Nothing filed since then has changed the position of the Court. The Court made it clear in its September 2 Memorandum Opinion that SDCL 22-24A-19 does not, and cannot because of the Supremacy Clause, create a defense to federal child pornography possession or distribution charges. There might be what the court has described as a "lawyer official duty defense" instruction which could apply to the child pornography possession charges. The possibility of that defense is not available for the even more serious charge of the distribution of child pornography. As has previously been stated, whether or not such an overbreadth curing instruction will be given for the possession charges depends upon the evidence. The Court does not know what the evidence will be at trial. So, as has also been previously stated, whether such an instruction will be given regarding possession of child pornography is not determinable at this time.

The defense has proposed two instructions (Doc. 59). The United States has resisted (Doc. 64). The Defendant's first proposed instruction will not be given. It proposes a defense to the distribution of child pornography. As the Court explained in its September 2 Memorandum Opinion, the lawyer official duty defense is not available for child pornography distribution charges absent an unusual circumstance such as transmitting an image to an expert witness. There has been no suggestion of that possible exception. Secondly, the Court does not know if the evidence will warrant submitting a defense instruction to the possession of child pornography.

Defendant's Proposed Jury Instruction No. 2 invades the province of the jury. The jury will have to reach its own conclusion as to the knowledge or lack of knowledge of the Defendant. Proposed Instruction No. 2 will not be given.

Defendant also argues that there should be a rehearing of his pretrial motions (Doc. 57). The United States resists (Doc. 61). Defendant claims that "new and additional evidence/testimony/oral argument will be submitted in support of the above-listed motion to suppress evidence and motion to dismiss the superseding indictment." Count 5 of the Third Superseding Indictment alleges similar conduct a year before the other charged conduct. However, the information for Count 5 apparently came from the same search that was the subject of the previous motion to suppress which was heard and denied. Defendant explains nothing of what any "new and additional evidence" might be. No basis has been shown for a rehearing of those motions and the request for hearing is denied.

IT IS SO ORDERED.

Dated this 26th day of October, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By Jackie Miisenheimer