FILED
DEC 09 2010

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 10-40012 |
| Plaintiff, | \* | |
| | \* | ORDER REGARDING |
| -vs- | \* | MOTIONS IN LIMINE |
| LEO THOMAS FLYNN, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant has been indicted on two counts of distribution of child pornography, one count of receipt of child pornography, one count of possession of child pornography, and one count of access of child pornography with intent to view, in violation of 18 U.S.C. §§ 2252(a)(2), 2252(a)(4)(B) and 2252(b). The jury trial is scheduled to begin on Tuesday, December 14, 2010.

Defendant filed a number of motions in limine (docs. 60 and 65), the government responded, and the Court heard argument on some of the motions at a hearing on Wednesday, November 10, 2010. The Court's rulings on the pending motions in limine are set forth herein.

1. Defendant requests an order sequestering government witnesses and prohibiting the witnesses' receipt of reports during the trial about the testimony of witnesses preceding them. This motion is granted. It will apply to witnesses for both the government and the defendant. At the hearing on November 10, counsel for Defendant agreed that the government's case agent may be permitted to remain in the courtroom. The case agent shall not tell witnesses what the evidence has been prior to their testimony.

2. Defendant asks the Court to reject Government's Proposed Jury Instruction No. 8

which attempts to define "knowingly." The motion will be denied. After hearing the evidence, the Court will decide whether to give the proposed instruction.

3. Defendant asks for an order prohibiting jurors from listening, during their deliberations, to any recordings of statements made by Defendant to law enforcement which may be received into evidence. Jurors may examine any evidence that has been admitted, and this motion is denied.

4. Defendant seeks to prohibit the government from introducing testimony of any police officers or investigators as to what other witnesses told them. This motion is granted.

5. and 6. Defendant wants the Court to prohibit testimony from law enforcement officials (motion 5) and lay witnesses (motion 6) regarding their opinion on the credibility or reliability of statements made by Defendant. This motion is granted.

7. The Court grants Defendant's request for an order directing counsel for the government to admonish its witnesses to refrain from offering testimony or volunteering information about issues or evidence that the Court has found to be inadmissible.

8. Defendant's request for an order preventing the attorneys and case agent from discussing one witness's testimony with witnesses who have not yet testified is granted.

9. It is the practice of this Court to provide the jury with copies of the written instructions, and Defendant's request for the same is granted.

10. The Court does not have enough information to determine the admissibility of evidence showing bias by Detective Kooistra. Thus Defendant's request for an order

allowing admission of such evidence is denied without prejudice.

11. Defendant asks to be allowed to "comment on - in the presence of the jury - the Government's failure to follow certain investigative procedures, including but not limited to the failure to interview and/or examine certain witnesses, and/or the failure to examine the background and/or caseload of the Defendant." This motion was discussed at the November 10 hearing. It is granted to the extent that Defendant and the defense of Defendant may present evidence and argument as to his theory of the defense, including that he relied on S.D.C.L. § 22-24A-19 which he believes allows him to access and view child pornography in his capacity as a criminal defense attorney representing persons who are charged or who may be charged under the child pornography statutes. The motion is denied to the extent that Defendant, his witnesses and his lawyers cannot comment on what the government allegedly did incorrectly in the investigation.

12. The Court will grant Defendant's request to use an overhead projector to publish exhibits to the jury.

13. Defendant requests exclusion of certain portions of the reports and testimony of the government's computer forensic expert, Mr. Goward. This motion is granted in part and denied in part. The government will not offer Mr. Goward's reports into evidence. Mr. Goward's testimony will be limited to authenticating the evidence found on Defendant's computer that will be offered for admission as exhibits at trial. Mr. Goward may explain how he found the evidence, and explain how the computer, files and searches work. Mr. Goward will not be asked his opinions as to the character of the images, whether an image constitutes child pornography, whether an item has investigative value, or whether Defendant committed the crimes charged in the Third Superseding Indictment. In addition, Mr. Goward will not testify about any images that are not submitted into evidence. For example, Mr. Goward cannot testify

that there are other images similar to those images submitted into evidence.

14. Defendant asks for a list of all images found on Defendant's computer which the government alleges to be illegal. At the November 10 hearing, the government agreed to provide Defendant with the exhibits that the government plans to offer into evidence at trial. Counsel for Defendant said that would satisfy his motion request for a list of images. Accordingly, that motion is denied as moot.

15. Defendant's motion requesting an extended voir dire process is granted to the extent that the Court will conduct voir dire and then each side will be allowed 30 minutes of voir dire.

In Doc. 65, Defendant asks for an Order prohibiting the government from using or referring to Attachment F of Mr. Goward's report which contains what the government described as thousands of images found in the unallocated space of Defendant's computer. This motion is granted to the extent that the government must submit specific images into evidence at trial if those images are going to be the subject of any testimony. No witnesses, including Mr. Goward, may testify that there are images similar to those introduced into evidence or otherwise refer to images as child pornography images where the image in question is not in evidence.

On December 3, 2010, the Defendant filed another Motion in Limine, Doc. 86. The United States responded on December 8, 2010, with its Response in Opposition to Defendant's Motion to Exclude Evidence in Unallocated Space (Doc. 93). The Court will not address proposed individual exhibits at this time for two reasons. The first is that sometimes parties never offer a proposed exhibit so the ruling amounts to an advisory opinion. Secondly, and more importantly, the Court does not at this time know the context or the foundation surrounding a potential exhibit. For example, the time of the creation of the proposed exhibit may be significant in this case.

The Court will however give this general guidance to the parties. Subject to questions as to

foundation and time of creation, the Court believes that the images that are claimed to be child pornography in the unallocated space will come into evidence. Questions of whether duplicates and partial images will be admitted will be addressed as those images are offered. In paragraph 4 of Doc. 86 the defense requested that the United States provide certain "images/files." Those should be produced for the defense.

File names are also the subject of the Notice of Intent to Offer 404(B) Evidence, Doc. 94, filed December 8, 2010, by the United States. The file names evidence may well be admissible both as 401 and 404(B) evidence.

Neither of the lead trial lawyers for the respective parties have previously appeared before this Court. Each side is limited to 30 minutes of opening statement. The parties are reminded that opening statement is to be a summary of what that party expects the evidence to be. Opening statement is not an opening argument.

Dated this 9th day of December, 2010.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)      DEPUTY